## THE VEMA.
### HUBERTZ v. VETLESEN.
### No. 15554.

District Court, E. D. New York.
May 9, 1939.

Saul B. Ackerman, of New York City, for libellant.

Bigham, Englar, Jones & Houston, of New York City (John M. Aherne and John L. Quinlan, of New York City, of counsel), for claimant.

CAMPBELL, District Judge.

At all the times hereinafter mentioned, the libellant was a resident of the State of New York.

At all the times hereinafter mentioned, the claimant herein, Maude Monell Vetlesen, was the owner of, and maintained and controlled, the Auxiliary Schooner Yacht "Vema".

During the currency of process hereunder, the said Yacht "Vema" was within the jurisdiction of this Court.

On or about the 6th day of April, 1935, the claimant, through her agents, servants and employees, hired the said libellant, Harry Hubertz, as a seaman, for a voyage from the Port of New York, to Copenhagen, Denmark, and such other ports

or places in which part of the world, as the Master may direct, and back to a final port of discharge in the United States, for a term not exceeding twelve calendar months, and in and by said Articles, it was provided, "and the said crew agree to conduct themselves in an orderly, faithful, honest, and sober manner, and to be at all times diligent in their respective duties, and to be obedient to the lawful commands of the said Master, * * *". Also, it was further provided "and it is also agreed that if any member of the crew considers himself to be aggrieved by any breach of the agreement or otherwise, he shall represent the same to the Master or officer in charge of the ship in a quiet and orderly manner, who shall thereupon take such steps as the case may require". Said Articles further provided "It is also agreed that by mutual consent members of the Crew are to be returned to the place of embarkation at the expense of owner, * * *".

In and by said Articles, it was provided, that the wages of the libellant, were to be $65 per month, of which $30 was allotted monthly to his wife.

The libellant continued in the employ of said ship, until the 5th day of July, 1935, while said Yacht was docked at the Port of Honko, Norway, when he was discharged from the said Yacht, by mutual consent, his wages, as provided by said Articles, being paid in full up to that date, and he was also furnished transportation to return to the Port of embarkation.

The libellant allotted $30 to his wife monthly, from his wages and through error the $30 allotment for the month of June, was not paid, and this sum remains due and owing to the libellant.

There is a conflict in the evidence between that given by the libellant, and that given by the Master and Chief Officer of the "Vema", as to what transpired on the 4th of July, 1935, but I am convinced that the oilskins furnished to the libellant, at the beginning of the voyage, were in good condition, and that his excuse for failure to obey the orders of the Master and Chief Officer, and occupy his proper position as Quarter Master on the Deck, and that his oilskins were worn out and he was getting wet, is not sustained.

I am convinced that the libellant, who is a native of Norway, desired to visit

his sister at Norway, and that on the 4th of July, 1935, after a three days leave of absence, he so conducted himself, that the Master would discharge him.

I can see no reason why the Chief Officer, who corroborates the Master, should have told anything but the truth, when he said the Captain said "What is really the matter with you? Don't you know where your duty is?" and that the libellant said to him "I am tired of this wagon and I want to be paid off," or "I want to leave," and the Captain then said "All right, son," and said "if you want to leave I will gladly pay you off".

No protest was lodged by the libellant, as to his discharge, he merely requested to be discharged before a United States Consul, and receive his transportation to the port of embarkation.

There was no Consul at Honko, and none nearer than Oslo, which was some 80 or 90 miles distant, and the Master apprised him of this fact, and that it was inconvenient to go to Oslo for the reason that the Master never knew when the owner would call on him to take the ship out. To this, the libellant did not make any reply, and the Master paid him off, and saw that he was furnished with transportation to the port of embarkation.

The libellant did not obey orders in accordance with the Articles, under which he shipped, and I am convinced that he was discharged with his consent, as he desired to leave the ship. He, therefore, is not entitled to the wages up to the time when the voyage ended at the Port of New York, which was on August 29th, 1935.

On the trial, the libellant made claim for maintenance from July 25th, 1935, to August 29th, 1935, but there were no allegations of any such claim in the libel.

A decree may be entered in favor of the libellant for the sum of $30 with interest from July 5th, 1935, and costs, and in favor of the claimant, dismissing the libellant's claim for wages and maintenance from July 25th, 1935, to August 29th, 1935.

Settle decree on notice.

Submit proposed findings of fact and conclusions of law in accordance with this opinion for the assistance of the Court, as provided by the Admiralty Rules, and the Admiralty Rules of this Court.